UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

REDDING BANK OF COMMERCE,  No. 2:10-cv-00385-MCE-DAD

      Plaintiff,

  v.  MEMORANDUM AND ORDER

SCOTT JOHANNESSEN and LORIE JOHANNESSEN,

      Defendants.

----oo0oo----

Pursuant to Federal Rule of Civil Procedure 55(c), Defendant Scott Johannessen ("Defendant") presently moves to vacate the default judgment entered against him on March 31, 2010 in this action for Money and Account Stated by Plaintiff Redding Bank of Commerce ("Plaintiff"). For the reasons set forth below, Defendant's Motion is granted.

///
///
///
///

1

**BACKGROUND**

On April 24, 2007 Defendant, along with co-defendant Lorrie Johannessen, obtained a $300,000 line of credit from Plaintiff secured by a Deed of Trust on their home. A more senior deed of trust also encumbered the home. When Defendants defaulted on the senior loan, the house was sold in foreclosure. None of the proceeds from the trustee's sale went to the junior loan. Subsequently, Defendants defaulted on the junior loan as well. According to Plaintiff, the entire balance of the credit line, plus interest, remains unpaid.

Plaintiff filed suit against defendants for Money and Account Stated in the Superior Court, County of Shasta. Plaintiff states it hired a process server who made three attempts at personal service before opting for substitute service, which under California law allows service to be effectuated by leaving a copy of the Summons and Complaint at the Defendant's place of business with a person apparently in charge, and thereafter mailing the summons and complaint to Defendant by first-class mail. See Cal. Code. Civ. Proc. 415.20.

Plaintiff states that on February 3, 2010, the process server left a copy of the Summons and Complaint with a person apparently in charge at Defendant's place of business. Plaintiff states it mailed the Summons and Complaint to Defendant on February 12, 2010. On February 15, 2010, Defendant responded by removing the action to federal court. Defendant's Notice of Removal acknowledges receipt of the Summons and Complaint on or about February 3, 2010.

Pursuant to Federal Rule of Civil Procedure 81, Defendant was required to file a response by the later of a) 21 days after receipt of the complaint by service or otherwise; b) 21 days after service of the complaint; or c) 7 days after notice of removal is filed. Therefore, Defendant's responsive deadlines were approximately February 24, March 5, and February 22 respectively. Defendant did not file a responsive pleading with the prescribed timelines.

Plaintiff states that on March 24, 2010, counsel left a voicemail for Defendant stating that Plaintiff intended to take a default if a responsive pleading was not filed. Plaintiff states that on March 25, 2010 it sent a letter informing Defendant that it would take a default if a responsive pleading was not filed by March 29, 2010 at 4:00 p.m. On March 30, 2010, Defendant contacted Plaintiff's counsel asking that a copy of the letter and Complaint be emailed to him as he was on a trip and had left the items at home. Plaintiff's counsel sent him the materials that same day. The next day, on March 31, 2010, Plaintiff filed for default judgment. The Court entered judgment against Defendant, and seven days later, on April 7, 2010, Defendant filed this Motion to Vacate.

**STANDARD**

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

3

The Ninth Circuit has indicated that a district court's discretion is "especially broad where...it is entry of default that is being set aside, rather than a default judgment." Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986) (citation omitted); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000). The defaulting party bears the burden of establishing "good cause" to set aside an entry of default. Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004). In determining whether there is good cause to set aside entry of default, the court considers: (1) whether the defaulting party engaged in culpable conduct which led to the default; (2) whether the defaulting party has a meritorious defense; and (3) whether setting aside the default would prejudice the party who obtained it. Mendoza, 783 F.2d at 946. These factors are disjunctive, therefore, the court may deny a Rule 55(c) motion if it finds any one of the foregoing factors. Franchise Holding, 375 F.2d at 926 (citation omitted). However, where timely relief is sought from a default and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits. Mendoza, 783 F.2d at 946 (other citations omitted).

## **ANALYSIS**

Although the Court is not impressed by Defendant's failure to timely file a responsive pleading, nonetheless a resolution of the dispute on its merits is preferable.

4

See Schwab v. Bullock, 508 F.2d 353, 355 (9th Cir. 1974).  It is clear from Defendant's moving papers that he did not willfully abandon his claim, but rather he acted untimely.  His Motion to Vacate comes only thirty-two days after his responsive pleading deadline.  Once learning of the Default, Defendant acted to remedy the situation, filing this Motion to Vacate seven (7) days after the entry of judgment.

Additionally, Defendant alleges that service of process was defective as the address served was not his true "place of business," and he does not believe personal service was ever attempted as required by California Code of Civil Procedure 415.20.  Plaintiff counters that the address served was listed as Defendant's place of business of the State Bar of California website, and that the process server signed an affidavit, subsequently provided to the Court, stating that personal service was attempted.  Plaintiff admits that this signed affidavit of service was inadvertently left out of previous filings.  While the Court finds that service was properly effectuated, the cloud of impropriety created by Plaintiff's failure to timely file a signed affidavit of service further warrants vacating the Default.

**CONCLUSION**

For good cause appearing, Defendant's Motion to Vacate (Docket No. 10) is GRANTED.  The Clerk's March 31, 2010 entry of Default Judgment against Defendant Scott Johannessen (Docket No. 9) is hereby vacated.

5

However, as a result of Defendant's noncompliance with the mandates of Federal Rule of Civil Procedure 81, Defendant shall pay to Plaintiff the amount of $500.00 as costs incurred for Defendant's failure to timely file a responsive pleading after repeated notice and warnings of default.  Payment is to be made within ten (10) days from the date this order is electronically filed or the default will be reinstated.

IT IS SO ORDERED.

Dated: July 23, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

6