SCOTT D. JOHANNESSEN (CA SBN 128841)
LAW OFFICES OF SCOTT D. JOHANNESSEN
3200 West End Avenue, Suite 500
Nashville, TN 37203
Telephone: 877.863.5400
Facsimile: 877.863.5401
E-Mail: scott@sdjnet.com

Attorney for Defendants and Counterclaimants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| REDDING BANK OF COMMERCE, a California corporation, | Case No. 2:10-cv-00385-MCE-DAD |
| Plaintiff, | **MOTION TO STRIKE PLAINTIFF'S THIRD ATTEMPT TO FILE AN IMPROVIDENT AND UNTIMELY DECLARATION IN SUPPORT OF ITS JUNE 3, 2011 MOTION FOR SUMMARY ADJUDICATION** |
| v. | |
| SCOTT JOHANNESSEN, an individual and Tennessee citizen, and LORRIE JOHANNESSEN, an individual and Tennessee citizen, | Hearing Date: July 14, 2011 |
| Defendants. | Time:        2:00 p.m.<br>Courtroom:   7<br>Judge:       Hon. Morrison C. England, Jr. |
| AND RELATED CROSS-ACTIONS. | |

With all due respect, Redding Bank of Commerce's (the "Bank") repeated and seriatim use of "Band Aide" style declarations, in "support" of an admittedly weak motion for summary adjudication filed over five weeks ago, is getting a bit tired and overdrawn. As they must to preserve the record, though, defendants Scott and Lorrie Johannessen (the "Johannessens") again move to strike the self-styled "Errata to Supplemental Declaration of Larry Sterk" (Docket No. 60, the "Third Sterk Declaration"), filed by the Bank on July 13, 2011, as follows:

1.      On June 3, 2011, well over one month ago, the Bank filed its motion for summary adjudication. Submitted with the Bank's motion as supporting evidence was the *first* of three Larry Sterk declarations with

related exhibits (Docket No. 53-3 and 4, collectively, the "First Sterk Declaration").

2.      On June 30, 2011 the Johannessens moved to strike the First Sterk Declaration.  The evidentiary deficiencies of the First Sterk Declaration include, but are not limited to, lack of personal knowledge, improper authentication, inadmissible hearsay and conclusory and unsupported allegations.  Docket No. 54-1.

3.      On July 7, 2011 the Bank attempted to remedy the evidentiary deficiencies in the First Sterk Declaration by submitting, *after* its motion was filed, *with* its reply papers, and *after* the Johannessens raised various objections thereto, the *second* of three Larry Sterk declarations (Docket No. 55-3 and 4, collectively, the "Second Sterk Declaration").

4.      On July 13, 2011 the Johannessens moved to strike the Second Sterk Declaration. The evidentiary deficiencies of the Second Sterk Declaration include, but are not limited to, violations of 28 U.S.C. § 1746 (lack of a subscribing witness), Fed. R. Civ. P. 56(c) (requiring that a moving party support its motion with admissible evidence), and Fed. R. Civ. P. 6(c)(2) (requiring that affidavits supporting a motion be served with the motion (i.e., not after the motion is filed).  Docket No. 58.

5.      On July 13, 2011, after the Johannessens filed their second motion to strike, this Court issued a minute order which reads, in part:  "Pursuant to Local Rule 230(g), the Plaintiff's Motion for Summary Judgment [53], scheduled for hearing on 7/14/2011, is submitted without oral argument."  Docket No. 59, the "Order of Submission."

6.      After the Court entered the July 13, 2011 Order of Submission, over five weeks after the Bank filed its motion for summary adjudication, the Bank again attempted to remedy even further evidentiary deficiencies relating to the previous two Sterk Declarations by submitting, again *after* its motion was filed, this time *after* its reply was filed, and again *after* the Johannessens raised various and further objections thereto, the *third* of three Larry Sterk declarations (Docket No. 60, collectively, the "Third Sterk Declaration").

7.      A side yet important note about the Third Sterk Declaration is the date it was purportedly signed, i.e., July 7, 2011.  Since Mr. Sterk did not sign the Second Sterk Declaration as required on July 7, 2011 and the Bank apparently discovered this violation after the Johannessens filed their second motion to strike on July 13, 2011, how did Mr. Sterk then "go back in time" and sign the Third Sterk Declaration on July 7, 2011?

8.       In any event, the Johannessens object to and move to strike the Third Sterk Declaration for the same reasons stated in their first and second motions to strike, plus two more:  (1) The Third Sterk Declaration is untimely in that it was filed *after* the Court ordered the Bank's motion submitted by way of the Order of Submission and (2) the veracity of the declarant is questionable since the date of this particular declaration precedes the date of its filing and presumed signing by about one week.  Upon further review of each of the three Sterk Declarations filed by the Bank it appears as though the signature page for each of them was actually prepared independent of the body of the declaration itself.

9.       As with the First and Second Sterk Declaration, the evidentiary deficiencies of the Third Sterk Declaration include, but are not limited to, violations of Fed. R. Civ. P. 56(c) (requiring that a moving party support its motion with admissible evidence) and Fed. R. Civ. P. 6(c)(2) (requiring that affidavits supporting a motion be served with the motion (i.e., not after the motion is filed).

10.       The Bank's repeated attempts to shore up an admittedly weak motion for summary adjudication constitutes the proverbial moving target.  It's trial by ambush in the truest sense of the phrase.  It's unfair and prejudicial to the nonmoving party and violates, at a bare minimum, Rule 56 and Rule 6, which require that declarations supporting a motion for summary judgment be not only sound as a matter of evidence, but also served in support of and with the motion.  There are 40 days between the filing dates of the First and Third Sterk Declarations.  Their other evidentiary deficiencies aside for the moment, two of the three Sterk declarations are, without a doubt, untimely.  The Court has already ordered the Bank's motion submitted.  The Bank disregarded that order.  Understanding that the parties' briefing schedule is oftentimes at the pleasure of the Court, the Johannessens truly hope the Third Sterk Declaration will be the Bank's last.

Accordingly, the Johannessens respectfully object to and move to strike the Third Sterk Declaration for the reasons hereinabove and previously stated.

DATED:  July 13, 2011                          Respectfully submitted,

LAW OFFICES OF SCOTT D. JOHANNESSEN

By: /s/ *Scott D. Johannessen*
SCOTT D. JOHANNESSEN (CA SBN 128841)
3200 West End Avenue, Suite 500
Nashville, TN 37203
Telephone:   877.863.5400
Facsimile:    877.863.5401
E-Mail:        scott@sdjnet.com

*Attorney for Defendants and Counterclaimants*

Defendants' Third Motion to Strike and
Objections to Evidence

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date last written above, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.   The Court will send notification of such filings to all CM/ECF participants, unless otherwise indicated below, as follows:

| Service on: | Service by: | Capacity: |
|---|---|---|
| WILLIAM R. WARNE<br>MEGHAN M. BAKER<br>Downey Brand LLP<br>621 Capitol Mall, 18th Floor<br>Sacramento, CA 95814<br>Telephone:     916.444.1000<br>Facsimile:     916.444.2100<br>E-Mail:          bwarne@downeybrand.com<br>                    mbaker@downeybrand.com | CM/ECF<br>. | Attorneys for Plaintiff<br>and Counterdefendant |

/s/ Scott D. Johannessen
SCOTT D. JOHANNESSEN